1
2
3
4
5
6
7
8
9
10

**O**

# United States District Court
# Central District of California

| | |
|---|---|
| INTERSOURCE OEM, INC., | Case No. 2:14-cv-01219-ODW(SSx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS** |
| SV SOUND, LLC; SPECIALTY | **JAMES OBERSTADT AND SV** |
| TECHNOLOGIES, LLC; JAMES | **SOUND LLC'S MOTION TO SET** |
| OBERSTADT; RONALD STIMPSON; | **ASIDE ENTRY OF DEFAULT [22]** |
| GARY YACOUBIAN; CORPORATIONS | **AND DENYING AS MOOT** |
| 1–10; LIMITED LIABILITY | **PLAINTIFF'S MOTION FOR** |
| COMPANIES A–Z; and DOES 1–10, | **DEFAULT JUDGMENT [21]** |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20

21      On April 1, 2014, Defendants James Oberstadt and SV Sound, LLC filed a
22  Motion to Set Aside Entry of Default.  (ECF No. 22.)  In the Motion, Oberstadt and
23  SV Sound contend that good cause exists for their delay in seeking counsel to defend
24  this action.  Plaintiff Intersource OEM, Inc. timely opposed the Motion to Set Aside
25  Entry of Default (ECF No. 25) and also filed a Motion for Default Judgment against
26  Oberstadt and SV Sound.  (ECF No. 21.)  For the reasons discussed below, the Court
27  / / /
28  / / /

**GRANTS** the Motion to Set Aside Entry of Default and **DENIES AS MOOT** the Motion for Default Judgment.[1]

The Complaint in this action was filed on February 18, 2014.  (ECF No. 1.) Intersource raises four claims—all based in contract—against several Defendants including Oberstadt and SV Sound.  On February 22, 2014, Intersource served Oberstadt with the Complaint.  (ECF No. 17.)  Intersource claims to have properly served SV Sound on February 25, 2014.  (ECF No. 16.)  On March 6, 2014, this Court issued an Order to Show Cause questioning the exercise of federal subject-matter jurisdiction since there are no federal claims and there was no complete diversity of citizenship.  (ECF No. 8.)  The Order to Show Cause was discharged after Intersource voluntarily dismissed the non-diverse Defendant.  (ECF No. 11.)  On March 27, 2014, the Clerk of Court entered default against Oberstadt and SV Sound after neither filed a timely response to the Complaint.  (ECF No. 19.)  The Motion to Set Aside Entry of Default was filed five days later.  (ECF No. 22.)

Federal Rule of Civil Procedure 55(c) gives a district court the discretion to set aside entry of default upon a showing of good cause.  In assessing whether good cause exists to set aside default, district courts look at three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  Courts must also keep in mind that default judgments are "appropriate only in extreme circumstances" and cases should be decided on the merits whenever possible.  *Falk*, 739 F.2d at 463.

In their Motion to Set Aside Entry of Default, Oberstadt and SV Sound argue that good cause exists because Oberstadt—who is the owner of SV Sound—misinterpreted this Court's March 6, 2014 Order to Show Cause.   (Mot. 6–7.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

2

According to Oberstadt, he believed that the Order to Show Cause meant that the case would be dismissed, so he did not need to retain counsel. (Oberstadt Decl. ¶ 4.) As soon as Oberstadt realized his error, he obtained California counsel to represent himself and SV Sound. (*Id.* at ¶ 5.) Counsel was retained on March 26, 2014, and immediately contacted Intersource seeking an extension of time to file a response to the Complaint. (McCreary Decl. ¶¶ 4–5.) Intersource did not agree to an extension of time and sought entry of default against Oberstadt and SV Sound the very next day. (*Id.*)

The Court finds that good cause exists for setting aside entry of default. While Oberstadt was wrong in his interpretation of the March 6, 2014 Order to Show Cause, the Court finds that his error constitutes excusable neglect. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not *necessarily* . . . culpable or inexcusable."). Moreover, Intersource has hardly been prejudiced by the delay. Oberstadt and SV Sound moved to set aside entry of default just five days after default was entered. This case is still in its very early stages, and of the five Defendants in this action, only one has answered the Complaint. Setting aside entry of default against Oberstadt and SV Sound will in no way delay Intersource from litigating its case. In addition, Oberstadt and SV Sound have alleged—with specificity—several viable defenses including lack of personal jurisdiction and failure to state a claim. (Mot. 9–11); *see also TCI Grp.*, 244 F.3d at 700 (stating that a defendant seeking to set aside entry of default does not have an "extraordinarily heavy" burden must "present specific facts that constitute a defense").

For these reasons, the Court **GRANTS** Oberstadt and SV Sound's Motion to Set Aside Entry of Default. (ECF No. 22.) Since entry of default has been set aside, the Court also **DENIES AS MOOT** Intersource's Motion for Default Judgment.

(ECF No. 21.)  Oberstadt and SV Sound must file an answer, or otherwise defend this action, **no later than 14 days** from the date of this Order.

IT IS SO ORDERED.

April 25, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**