O

# United States District Court
# Central District of California

| | |
|---|---|
| INTERSOURCE OEM, INC., | Case No. 2:14-cv-01219-ODW(SSx) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS** |
| SV SOUND, LLC; SPECIALITY TECHNOLOGIES, LLC; TOM JACOBY; JAMES OBERSTADT; RONALD STIMSTON; GARY YACOUBIAN; Corporations 1-10; Limitied Liability Companies A-Z; and DOES 1-10, inclusive, | **SV SOUND, LLC AND JAMES OBERSTADT'S MOTION TO DISMISS [28]** |
| Defendants. | |

## I. INTRODUCTION

Defendants SV Sound, LLC and James Oberstadt move to dismiss this action on several grounds, including improper service, lack of personal jurisdiction over Oberstadt, improper venue for Oberstadt, and insufficient pleading. (ECF No. 28.) Plaintiff Intersource OEM, Inc. and SV Sound did business together for nearly seven years. The dispute here arises out of SV Sound's alleged attempts to fraudulently transfer its assets to avoid a $298,894.08 debt owed to Intersource. For the reasons

discussed below, the Court **DENIES** Defendants SV Sound and Oberstadt's Motion to Dismiss in its entirety.[1] (ECF No. 28.)

## II. FACTUAL BACKGROUND

On February 18, 2014, Intersource filed suit alleging (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) recovery of price of goods following acceptance and failure to pay, and (4) set aside of fraudulent transfer under California Civil Code sections 3440, 3439.05, and 3439.07. (ECF No. 1.) This Court's subject-matter jurisdiction is based on diversity under 28 U.S.C. § 1332.

Intersource's claims arise from SV Sound's alleged breach of contract for failure to pay for delivered goods. (Compl. ¶ 14.) Intersource is in the business of obtaining materials and parts to manufacture an array of goods. (*Id.* ¶ 15.) SVS Sound designs, engineers, produces, markets, and sells consumer audio products. (*Id.* ¶ 16.) Intersource and SV Sound did business together from August 16, 2004, through May 23, 2011. (*Id.* ¶ 17.) SV Sound would place orders with Intersource by sending written purchase orders. (*Id.* ¶ 18.) Intersource then accepted the orders and mailed SV Sound the goods. (*Id.* ¶ 19.) According to the Complaint, SV Sound currently owes $298,894.08 plus interest and costs for unpaid orders. (*Id.* ¶ 21.)

On May 10, 2011, Defendant Specialty Technologies was formed. (*Id.* ¶ 23.) SV Sound's assets were then sold to Specialty Technologies on approximately May 26, 2011, with Specialty Technologies incurring no liability for debts owed. (*Id.* ¶ 22.) According to Intersource, Specialty Technologies and SV Sound are one and the same, and Specialty Technologies was created for the sole purpose of shielding SV Sound's assets from Intersource. (*Id.* ¶¶ 24–27.) Intersource alleges that the transfer of SV Sound's assets was done by the individual Defendants willfully, fraudulently, and with knowledge of the money owed to Intersource. (*Id.* ¶¶ 22–23.)

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

Defendants Tom Jacoby and Gary Yacoubian were allegedly agents of Specialty Technologies as well as officers and owners at the time that SV Sound's assets were transferred. (*Id.* ¶ 8.) Defendants and Stimpson allegedly acted as agents of SV Sound in the transfer and were also owners and officers of SV Sound. (*Id.* ¶ 9.) Intersource alleges that all Defendants completely controlled the corporate entities and intermingled their assets together to suit the convenience of Defendants. (*Id.* ¶ 26.)

Intersource voluntarily dismissed Jacoby from this action on March 12, 2014. (ECF No. 9.) Specialty Technologies and Yacoubian answered the Complaint on April 2, 2014. (ECF No. 23.) The instant Motion to Dismiss was filed by SV Sound and Oberstadt on May 9, 2014. (ECF No. 28.) Intersource timely opposed, and the matter is now before the Court for decision.

### III.   DISCUSSION

**A.   Improper Service on SV Sound**

SV Sound first moves to dismiss the Complaint under Rule 12(b)(5) for improper service. SV Sound contends that Intersource served an individual named Dan Marks who has not been employed by SV Sound since 2011. (Mot. 5:6–7.) But Intersource argues that service was made at the business address used by SV Sound and upon Marks who had apparent authority to accept service. (Opp'n 8:6–19.) In addition, Intersource contends that SV Sound failed to discuss the substance of this Motion in accordance with Local Rule 7-3, and that Intersource could have remedied any deficiency in service without the need to resort to motion practice. (*Id.* at 6.) On May 27, 2014—after this Motion was filed—Intersource sent a copy of the Summons and Complaint by certified mail, return receipt requested, to SV Sound's agent for service of process in Ohio. (Cohen Decl. ¶ 5.)

A federal court lacks personal jurisdiction over a defendant if that defendant has not been served according to federal law. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Service on a defendant may be

/ / /

effectuated, among other ways, in accordance with state law in the state where the district court is located or the state where service is made. Fed. R. Civ. P. 4(e)(1).

The Court finds that it need not address the propriety of service on SV Sound via Marks, because Intersource's second attempt at service was proper. SV Sound is a limited-liability company. Under California law, service on a limited-liability company can be effected by serving the person designated as its agent for service of process. Cal. Corp. Code § 17701.16. Out-of-state defendants may be served by sending a copy of the summons and complaint by certified mail with a return receipt. Cal. Civ. Proc. Code § 415.40. Intersource's second attempt at service on May 27, 2014, complied with these requirements. Therefore, SV Sound's improper-service argument is now moot, and the Motion is **DENIED** on this ground.

### B.     Personal Jurisdiction Over Oberstadt

Next, Oberstadt moves to dismiss the Complaint against him for lack of personal jurisdiction. Oberstadt argues that the fiduciary-shield doctrine prevents him from being subject to personal jurisdiction based on the actions of SV Sound. On the other hand, Intersource argues that Oberstadt is subject to personal jurisdiction because he acted willfully and fraudulently in transferring the assets of SV Sound to Specialty Technologies to avoid the debt owed to Intersource. The Court finds that, based on the allegations in the Complaint, Oberstadt is not protected by the fiduciary-shield doctrine and is subject to personal jurisdiction in California.

#### 1.     Legal Standard

A defendant may move to dismiss a case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Love v. Assoc. Newspapers Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). But when a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff must only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Doe v. Unocal*

///

*Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  Moreover, the plaintiff's version of facts is taken as true and conflicts between the facts must be resolved in plaintiff's favor.  *Id.*

District courts have the power to exercise personal jurisdiction to the extent of the law of the state in which they sit.  Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1988).  California's long-arm jurisdictional statute is coextensive with federal due-process requirements.  Cal. Civ. Proc. Code § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).  The Due Process Clauses of the Fifth and Fourteenth Amendments require that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

Using the "minimum contacts" analysis, a court may obtain either general jurisdiction or specific jurisdiction over a nonresident defendant.  *Unocal Corp.*, 248 F.3d at 923.  A court has general jurisdiction when the defendant engages in "continuous and systematic general business contacts . . . that approximate physical presence in the forum state."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations marks omitted).  For specific jurisdiction, the Ninth Circuit has expounded a three-part test: (1) the defendant must purposefully avail himself of the benefits and protections of the forum state; (2) the claim must arise out of, or be related to, the defendant's forum-based activity; and (3) exercise of jurisdiction must comport with fair play and substantial justice.  *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

**2.     Analysis**

Oberstadt contends that he cannot be subject to personal jurisdiction in California based on his actions as a director or officer of SV Sound, because he was acting in a corporate capacity.  (Mot. 7:14–16.)  He further argues that he has no ties to the state of California, owns no property here, and has not even visited California in

the last ten years. (*Id.* at 7:12–13.) But Intersource points to allegations in the Complaint to argue that Oberstadt is subject to personal jurisdiction because he acted fraudulently and is liable in an individual capacity. (Opp'n 9:18–10:2.)

The fiduciary-shield doctrine is a judicially created principle that precludes the exercise of personal jurisdiction over nonresident corporate agents who are acting in the forum state in their role as corporate agents. *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521 (9th Cir. 1989). Consequently, the fact that a corporation is subject to personal jurisdiction does not necessarily mean that the corporation's nonresident officers, directors, agents, and employees are as well. *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999). But the corporate form may be ignored (1) where the corporation is the agent or alter ego of the individual defendant, *Flynn Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984), or (2) where a corporate officer or director authorizes, directs, or participates in tortious conduct. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985).

In the Complaint, Intersource alleges that Oberstadt was not only an owner and officer of SV Sound at the time that the transfer of assets to Specialty Technologies took place, but also that Oberstadt was personally involved in the transfer of the assets. (Compl. ¶ 22 ("Oberstadt . . . willfully and with knowledge of moneys owed to Plaintiff, entered into and sold SVS's assets to Specialty . . . .").) Moreover, Intersource alleges that Defendants, including Oberstadt, intermingled their assets and failed to maintain the separateness of the corporate entities involved. (*Id.* ¶ 26.) The Court finds these allegations sufficient to overcome the fiduciary-shield doctrine.

Turning to the Ninth Circuit's three-part test for specific jurisdiction, the Court finds that Oberstadt's purposefully availed himself of the forum state because his alleged actions were targeted at defrauding Intersource—a California corporation with a principle place of business in California. Intersource's claims arise out of this allegedly fraudulent contact. In addition, Oberstadt offers little to no evidence or argument to support a finding that the exercise of personal jurisdiction in California

runs afoul of traditional notions of fair play and substantial justice. *See World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 292 (1980) (articulating five factors courts should consider). Oberstadt thus fails to meet his burden on the third part of the specific-jurisdiction test. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (holding that the burden shifts to the moving party to show that the exercise of personal jurisdiction would not be reasonable once the first two prongs of the test are met).

For these reasons, the Motion is **DENIED** on the basis that this Court lacks personal jurisdiction over Oberstadt.

**C.     Improper Venue**

Oberstadt also moves to dismiss based on improper venue, arguing that he is not domiciled in California and that a substantial part of the events in the Complaint did not take place in California. (Mot. 8:19–23.) But the Court finds that Oberstadt's arguments are unavailing.

Venue is proper in a judicial district where a substantial part of the events or omissions giving raise to the claim occur. 28 U.S.C. § 1391(b)(2). A substantial part of the events may include the district in which the plaintiff suffered the harm. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001). Here, Intersource is a California corporation with its principal commercial offices located in California—specifically within the Central District of California. (Compl. ¶ 1.) Thus, the harm it alleges to have suffered by the fraudulent transfer of assets from SV Sound to Specialty Technologies was suffered in the Central District of California. Accordingly, the Court **DENIES** the Motion based on improper venue.

**D.     Failure to State a Claim**

Finally, SV Sound and Oberstadt move to dismiss for failure to state a claim, arguing that the Complaint is vague and conclusory and fails to satisfy the heightened fraud pleading standard.

/ / /

### 1. Legal Standard

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Fraud pleadings are subject to an elevated standard, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp.USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Accordingly, when suing more than one defendant, a plaintiff cannot "merely lump

multiple defendants together" but rather must differentiate the allegations and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764–65.

**2. Analysis**

SV Sound and Oberstadt's focus their arguments on Intersource's fourth claim to set aside fraudulent transfer under California Civil Code sections 3440 and 3449.05 as well as Intersource's alter-ego allegations.

California Civil Code section 3440(a) reads in pertinent part:

> [E]very transfer of personal property made by a person having at the time the possession of the property, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the property, is void as against the transferor's creditors (secured or unsecured) at the time of the transfer . . . .

Here, SV Sound and Oberstadt argue that Intersource has failed to state a claim under section 3440 because the allegations merely parrot the language of the statutes and Intersource has failed to identify the property delivered, the property that remained in SV Sound's possession, the timeframe of the delay in delivery, and the persons responsible for the failed delivery. (Mot. 10.)

But the Court finds that the allegations in the Complaint are sufficient to state a claim under section 3440. Intersource identifies the subject property as all of the assets of SV Sound. (Compl. ¶ 22.) Intersource also alleges that Specialty Technologies and SV Sound continued to operate as one after the alleged transfer and that the separateness of the entities was never maintained. (*Id.* ¶ 26.) Furthermore, Intersource identifies all of the individual Defendants as the persons responsible for intermingling assets and failing to observe the separateness of the two entities. (*Id.*) The timeframe of the delay in delivery is also identified as beginning on May 26, 2011. (*Id.* ¶ 22.) Intersource properly states a claim under section 3440.

/ / /

1 California Civil Code section 3439.05 reads as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

SV Sound and Oberstadt contend that Intersource has failed to state a claim under section 3439.05 for many of the same reasons as section 3440, thus the Court finds their arguments unavailing on these grounds. SV Sound and Oberstadt also argue that Intersource has failed to allege SV Sound's insolvency as required under section 3439.05. But the Court disagrees. Intersource does allege that the transfer of SV Sound's assets to Specialty Technologies was done in an attempt to make SV Sound insolvent. (Compl. ¶ 24.) Therefore, the Court finds that Intersource has properly alleged a claim under section 3439.05.

To the extent that SV Sound and Oberstadt contend that the allegations under sections 3440 and 3439.05 fail to meet the particularity requirements under Rule 9(b), the Court is similarly unpersuaded. The allegations in the Complaint are not particularly detailed, but the alleged actions of Defendants are not particularly complex. Intersource alleges the who, what, when, where, why, and how of the transfer of assets from SV Sound to Specialty Technologies. That is all that is required under Rule 9(b).

With respect to the alter-ego allegations, SV Sound and Oberstadt argue that the allegations are merely conclusory and fail to specifically identify whose assets were intermingled and how the assets were intermingled. (Mot. 11–13.) But the Court is satisfied that the allegations in the Complaint, taken as a whole, are sufficient to withstand this Motion to Dismiss the alter-ego allegations. Intersource alleges that Oberstadt is the alter ego of SV Sound and intentionally transferred SV Sound's assets

to Specialty Technologies in order to make SV Sound appear insolvent to creditors. (Compl. ¶ 24.) Intersource also alleges that Oberstadt as well as the other individual Defendants had control over SV Sound and Specialty Technologies and failed to observe the separateness of the business entities. (*Id.* ¶¶ 26–29.) At this stage of the litigation, Intersource is not required to prove its case—only to make sufficient allegations to put Defendants on notice of the claims. The Court is satisfied that the allegations meet this requirement.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** SV Sound and Oberstadt's Motion to Dismiss in its entirety. (ECF No. 28.) SV Sound and Oberstadt shall answer the Complaint within 14 days of the date of this Order.

In addition, the Court is aware of the related case of *SV Sound, LLC v. Intersource OEM, Inc.*, No. 14-cv-01219-ODW(SSx), that was transferred to this Court from the Northern District of Ohio. In transferring the case, the district court in Ohio found that SV Sound's claims were actually compulsory counterclaims to this action. Accordingly, in answering the Complaint here, SV Sound is advised of the requirements of Federal Rule of Civil Procedure 13 regarding compulsory counterclaims. Instead of two actions that will necessarily be consolidated, any compulsory counterclaims may be brought in this action and the related case voluntarily dismissed without prejudice.

**IT IS SO ORDERED.**

July 11, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

11